UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SUZETTE SCOTT-WARREN<br><br>               Plaintiff,<br>v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON<br><br>               Defendant. | Civil Action No. 3:14-cv-738-CRS |

PLAINTIFF'S MOTION for SANCTIONS for
FAILURE to APPEAR at PROPERLY NOTICED DEPOSITION

Plaintiff Suzette Scott-Warren properly noticed a 30(b)(6) deposition on September 22, 2015. *See* DN 16. The deposition was noticed for October 28, 2015 at 9:00 a.m. *Id.*, p.1. Defendant Liberty Life Assurance Company of Boston *failed to appear in any capacity* for this deposition. Prior to the scheduled deposition, Liberty took no action in accordance with Rule 26(c) or Rule 37(d)(2). Instead, *after* the scheduled deposition, Liberty belatedly filed its motion for a protective order. Notably, the motion was not filed until after the close of business with Liberty filing the motion at 7:06 p.m. *See* Exhibit A: ECF Filing Notice. Liberty's motion for a protective order was filed nearly ten (10) hours *after* the deposition was scheduled to begin.

Liberty's motion is untimely and does not demonstrate a good faith effort to comply with is obligations under the Rules. Liberty was on notice of its deposition and *refused to attend*. The Rules required Liberty to file a timely motion before the scheduled deposition. It failed to do so. As the Rules unambiguously state: "A failure described in Rule 37(d)(1)(A) is *not excused* on the ground that the discovery sought was objectionable, unless the party failing to act has *a pending* motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(3). Liberty's motion was not pending at the time it failed to show. As such, its willful refusal to comply with a properly noticed deposition "is not excused." *Id*.

Based on Liberty's refusal to appear for its deposition and failure to comply with its

obligations under the Rules, Ms. Scott-Warren has incurred attorneys' fees and costs. Ms. Scott-Warren seeks to recover her these fees and costs, as well as an order denying in its entirety Liberty's untimely motion for a protective order (DN 26). Finally, Ms. Scott-Warren seeks a directive from the Court to Liberty that any further failure to comply with its discovery obligations will result in default judgment as to liability being entered in favor of Ms. Scott-Warren. The Rules support the sanctions Ms. Scott-Warren seeks. *See* Fed.R.Civ.P. 37(b)(2)(A) (including but not limited to "(iii) striking pleadings" and "(vi) rendering a default judgment against the disobedient party"); Fed.R.Civ.P. 37(d)(3) (in addition, the court "*must require* the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emph. added).

<u>Factual Background</u>[1]

In order to assist the Court, Ms. Scott-Warren submits a timeline of relevant factual events, and the relevant substance of those events.

1.      On June 10, 2015, the parties participated in a LR 37.1 teleconference to work through discovery disputes related to Ms. Scott-Warren's written discovery requests – these are the subject of her current motion to compel (DN 17).[2] During this conversation, *Ms. Scott-Warren requested Liberty provide her dates* Liberty would be available for depositions, including a 30(b)(6) corporate deposition. Liberty stated it would consider her request and get back with her on its position.

---

[1]    This factual background should serve as Plaintiff's certification under Fed.R.Civ.P. 37(d)(1)(B) and LR 37. These facts lay out Plaintiff's attempts to confer with Defendant for a date to schedule the deposition, as well as Plaintiff's continued communication with Defendant in regards to the deposition. However, Defendant refused to show for the deposition. To the extent the Court seeks more information into the facts underlying this issue, Plaintiff will provide them. Otherwise, the instant motion focuses on Plaintiff's requested relief.

[2]    In a similar pattern of obstructing Ms. Scott-Warren's discovery efforts, Liberty has refused to respond to the majority of the written discovery – refusing to produce responsive documents and to substantively respond to written discovery. Liberty's discovery objections have been repeatedly rejected by this Court. Yet, demonstrating its complete lack of good faith efforts to comply with its discovery obligations, Liberty continues to raise the same flawed arguments.

*Plaintiff's Motion for Sanctions*                                                                    Page 2

2.      On August 19, 2015, Liberty requested an extension to submit its supplemental

discovery responses and stated it was still considering Ms. Scott-Warren's requested deposition

dates, including its position on her requested 30(b)(6) deposition.

> This email is to confirm our telephone conversation this afternoon
> in which I requested an extension of time until next Monday,
> August 24, to advise you whether or not Liberty will provide
> additional supplementation of its discovery responses in Gross and
> Scott-Warren and whether Liberty would agree to a Rule 30(b)(6)
> deposition on any of the issues identified in the draft 30(b)(6)
> notice.

*See* Exhibit B: 8/19/15 E-mail.

3.      On August 24, 2015, Liberty e-mailed Ms. Scott-Warren indicating its position on

the requested deposition.

> Liberty will not provide any further supplementation of its answers
> to your discovery requests in the Gross and Scott-Warren matters,
> and will not agree to a 30(b)(6) deposition pursuant to your draft
> 30(b)(6) notice.

*See* Exhibit C: 8/24/15 E-mail.

4.      On September 22, 2015, Ms. Scott-Warren noticed her deposition for October 28,

2015 – *over a month in advance*, to ensure Liberty would be able to make arrangements to

attend. *See* DN 16 ("The deposition shall occur on October 28, 2015.")

5.      On October 23, 2015, counsel for Ms. Scott-Warren participated in a LR 37.1

teleconference with counsel for Liberty in a different matter.  Because counsel are the same in

each case, Liberty wanted to discuss Ms. Scott-Warren's noticed 30(b)(6) deposition.  Contrary

to the out of context and alleged quotes offered in Liberty's motion for a protective order (*See*

DN 26-1, p.2), Ms. Scott-Warren informed Liberty that the deposition was properly noticed and

that she would pursue the line of questioning outlined in the notice.  She stated that if Liberty

wished to object, it was free to do so at the deposition in accordance with the Rules.  *See*

Fed.R.Civ.P. 37(d)(2) (a failure to attend a deposition "*is not excused on the ground that the*

*discovery sought was objectionable*") (emph. added).  Ms. Scott-Warren reminded Liberty that

absent a protective order, she would proceed with the noticed deposition.  Liberty did not heed

Ms. Scott-Warren's advice and failed to seek a protective order prior to the noticed deposition.

6.     On October 26, 2015, Ms. Scott-Warren sent an e-mail confirming her position on the matter and the substance of the parties' discussions.

> During our conversation last Friday you asked if we would agree to allow Liberty until the end of this week (Friday) to file its protective order pertaining to the 30(b)(6) deposition scheduled for 10/28/15. *Our position is, and will remain, that we properly noticed the deposition* and Liberty has had substantial time in which it could have sought a protective order. Therefore, the deposition will be going forward on 10/28/15.

*See* Exhibit D: 10/26/15 E-mail (emph. added).

7.     On October 26, 2015, in response to Ms. Scott-Warren's above communication, Liberty responded and implicitly acknowledged it had an obligation to file for a protective order *prior to* the deposition taking place.

> As you know, our position is much different from yours. *We will be filing Liberty's motion for protective order **before the** deposition* objecting both to the taking of the deposition and the scope of the matters to be covered and the documents to be produced.  Liberty will not appear for the noticed deposition.

*Id.* (emph. added).  Despite its email, Liberty took no further action.

8.     On October 27, 2015, again with no filing from Liberty, Ms. Scott-Warren began preparations for the deposition to occur the following morning.

9.     On October 28, 2015, at 9:00 a.m., Liberty did not appear for its deposition.

10.     After the close of business that day, at 7:06 p.m., Liberty filed its motion for a protective order – again, ten (10) hours *after* it was required to appear.

Liberty is a sophisticated party. Its counsel is not a novice.  Both are fully familiar with their discovery obligations under the Rules.  More importantly, they are fully aware of the repercussions should they fail to comply with their obligations.  Despite this, Liberty refused to appear for the noticed deposition – a willful violation of the Rules.  Liberty failed to seek proper relief from the Court in advance.  Liberty's actions have obstructed Ms. Scott-Warren's ability to prepare and to prosecute her claims.   Further, Ms. Scott-Warren incurred attorneys' fees and costs in preparing for the deposition.

Liberty was on notice of the scheduled deposition for _over 36 days_, but failed to take any action or to seek any relief from the Court in accordance with the Rules. Liberty cannot claim it didn't have the resources or time to comply with the Rules. During this same time period, Liberty managed to file a motion for partial summary judgment (DN 20), a response to Ms. Scott-Warren's motion to compel (DN 22), and a motion for an extension of time (DN 24). Suffice to say, Liberty's obstructive actions were not in good faith and warrant the Court imposing sanctions.

<u>Discussion</u>

On October 28, 2015, Liberty failed to appear for a properly noticed 30(b)(6) deposition. Pursuant to the Rules, Ms. Scott-Warren is entitled to her attorneys' fees and costs incurred due to Liberty's failure to appear.

> _If a party...fails (1) to appear before the officer who is to take the_
> _deposition, after being served with proper notice_...the court in
> which the action is pending on motion may make such orders in
> regard to the failure as are just...In lieu of any order, or in addition
> thereto, _the court shall require the party failing to act or the_
> _attorney advising that party or both to pay the reasonable_
> _expenses_, including attorney's fees, caused by the failure unless the
> court finds that the failure was substantially justified or that other
> circumstances make an award of expenses unjust.

_Anderson v. Vill. of Obetz_, 2007 U.S. Dist. LEXIS 17762, *9 (S.D. Ohio, Mar. 12, 2007) (quoting Fed.R.Civ.P.37(d)) (emphasis added).

Rather than appear at its deposition, Liberty took no advance action. Liberty simply refused to appear. Only when Liberty became concerned, did it finally take action. After the close of business, ten (10) hours after its scheduled deposition, Liberty filed a motion for a protective order. The motion is both untimely and without merit. Moreover, even had Liberty timely filed a motion for a protective order, such _a motion_ does not alter a party's obligation to appear at a properly noticed deposition. _See Alexander v. FBI_, 186 F.R.D. 78, 87 (D.D.C. 1998) (emph. added) ("The filing of a motion for protective order does not automatically relieve a party from attending a deposition."); _see also In re River Ridge Ranch, Inc._, 347 B.R. 65, 69 (Bankr.S.D. Ohio 2006) ("[The] filing of a Motion For Protective Order under Rule 26(c) is not

self-executing; the parties seeking the protective order must obtain an order *prior to the time* scheduled for the deposition or discovery being sought.") (emph. added).

The Rules expressly provide that sanctions are warranted for Liberty's refusal to appear for its deposition.  In accordance with the Rules, Ms. Scott-Warren requests the Court require Liberty to pay reimburse her related attorneys' fees and costs (e.g. preparing for the deposition, the instant motion).  *See* Fed.R.Civ.P. 37(d)(3) (the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure …").  Ms. Scott-Warren also requests the Court deny Liberty's motion for a protective order in its entirety and place Liberty on notice that any further obstruction of the discovery process or failure to comply with its discovery obligations shall result in default being entered against it and in favor of Ms. Scott-Warren.  *See* Fed.R.Civ.P. 37(b)(2)(A) (sanctions include "(iii) striking pleadings" and "(vi) rendering a default judgment against the disobedient party").

A.     Ms. Scott-Warren properly noticed the 30(b)(6) deposition and Liberty was aware of the deposition, but refused to provide dates it was available.

On September 22, 2015, Ms. Scott-Warren served Liberty with a 30(b)(6) deposition notice. *See* DN 16.  Ms. Scott-Warren's notice was in no way deficient.  The requirements for noticing a deposition are rather mundane.

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed.R.Civ. P. 30.  Ms. Scott-Warren's notice met all of these requirements.

First, as a matter of professional courtesy, Ms. Scott-Warren attempted to obtain available dates from Liberty for a deposition.   Her efforts continued for nearly three months.[3]

---

[3]    These actions were in conformity with Kentucky's "Code of Professional Courtesy." *See* http://www.kybar.org/?procourtesy ("A lawyer should respect opposing counsel's schedule by seeking agreement on deposition dates and court appearances (other than routine motions) rather than merely serving notice.").

*Plaintiff's Motion for Sanctions*                                                    Page 6

After Liberty rebuked her efforts and refused to cooperate, Ms. Scott-Warren noticed Liberty's 30(b)(6) deposition.  The deposition date was more than a month later – more than sufficient time for Liberty to make arrangements or seek any relief – but within the Court's scheduling order for discovery to be completed.

Second, Ms. Scott-Warren's notice stated the time and place of the deposition. *See* DN 16, p.1 ("The deposition shall occur on October 28, 2015…at Grabhorn Law Office, PLLC, 2525 Nelson Miller Parkway, Suite 107, Louisville, Kentucky 40223…[beginning] at 9:00 a.m.").

Third, because Ms. Scott-Warren cannot determine who Liberty will designate as its representative, she offered the only description of the deponent that she could – "Liberty Life Assurance Company of Boston ("Liberty") designated representative(s)." *Id.*

Ms. Scott-Warren's deposition notice complied with the Federal Rules.  Therefore, Liberty had no reason to ignore the noticed deposition.

B.     Liberty's delay in filing for a protective order was willful and not done in good faith.  Liberty's actions caused Ms. Scott-Warren to expend time and expenses she does not have.  Further, Liberty's filing for a protective order did not obviate its obligation to appear.

Rather than appear for its properly noticed deposition, Liberty unilaterally decided not to attend.  Liberty decided not to seek relief from the Court in advance of the deposition.  Only when it became concerned it was subject to sanctions did Liberty file a belated motion for a protective order – effectively seeking *nunc pro tunc* relief.  Notably, the Rules do not permit a party to seek a protective order after the fact.  The Rules are clear. Liberty was required to appear at the scheduled deposition, or seek relief from the Court in advance.

Liberty indicated in its correspondence its belief that the filing of a protective order would permit it to not appear. *See* Ex D.  Contrary to Liberty's belief, the mere filing of a protective order does not permit it to not appear at a deposition.  Rather, until a Court order is entered, Liberty is required to appear.  "[T]he majority of cases and commentators provide that a deponent (whether a party or non-party) must obtain an order excusing his appearance before the date set for discovery." *Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 613 F.Supp.2d 670,

717 (D.Md. 2008).[4]

> *The Court concludes that neither the motion for protective order nor Hook's stated desire to avoid frustration for both parties provides sufficient justification for Hook's failure to appear at her deposition.* Further, the timing of Hook's actions in this situation is of particular concern. Hook received the Trustee's Notice of Deposition on December 18, 2008 *but made no inquiry into or objection to the proposed scope of questioning for over a month.* It wasn't until the morning of the deposition that Hook demanded that the scope be limited, and, upon failing to secure the Trustee's consent to such restriction, elected not to appear at the deposition. Informing opposing counsel of one's intent not to attend a deposition just one hour and fifteen minutes before the deposition was scheduled to begin illustrates an utter disregard for the inconvenience caused and expense incurred by such action. Seventy-five minutes notice is wholly insufficient under the circumstances.

*Rhiel v. Hook (In re Johnson)*, 408 B.R. 127, 131 (Bankr.S.D.Ohio 2009) (emph. added).

> If the deposition is not limited by a court order prior to the deposition, once the deposition is underway, the only mechanism to limit questioning is to terminate the deposition and move for a protective order. *See* Fed. R. Civ. P. 30(d)(3)(A) (a party may only terminate the deposition if it is conducted in bad faith or an attorney "unreasonably annoys, embarrasses, or oppresses the deponent or party.").

*Hochstein v. Microsoft Corp.*, 2009 U.S. Dist. LEXIS 77200, *10-11 ( E.D.Mich., Aug. 21, 2009); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 2007 U.S. Dist. LEXIS 100969, *48-50 (D.Nev., Oct. 2, 2007) ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition.") (citing *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir.

---

[4]   (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (2008) ("At least with regard to depositions, the order should ordinarily be obtained before the date set forth discovery…"); 8 Moore's Answer Guide: Federal Pretrial Civil Litigation § 8.62 ("Ensure that motion [for a protective order]…will be filed prior to scheduled date for deposition."); *Hare v. Governmental Employees Ins. Co.*, 132 F.R.D. 448, 450 (E.D. Texas 1990) ("[A] deponent who realizes he cannot appear at a scheduled deposition bears the burden…to get an order postponing the deposition"); *Robert Billet Promotions, Inc. v. IMI Cornelius, Inc.*, 1995 U.S. Dist. LEXIS 16807 (E.D.Pa., Nov. 8, 1995) ("A party cannot, as defendants have done here, fail to attend a properly-noticed deposition without a court order"); *Alexander v. F.B.I.*, 186 F.R.D. 78, 86 (D.D.C. 1998) ("The filing of a motion for protective order does not automatically relieve a party from attending a deposition."); *King v. Fidelity Nat'l of Baton Rouge*, 712 F.2d 188, 192 (5th Cir. 1983) ("motion to quash must be not only made but granted before the scheduled deposition to excuse compliance.")).

1976); *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)).

Liberty failed to file, much less obtain a court ruling on, a motion for a protective order. It was required to attend the deposition and willfully failed to do so. Liberty is not free to make unilateral decisions to ignore the Rules. It must comply or face the consequences for its deliberate actions.

C.    Ms. Scott-Warren is entitled to her attorneys' fees and costs, as well as an order denying Liberty's untimely motion for a protective order, and putting Liberty on notice of the consequences for failing to comply with its discovery obligations.

Based on Ms. Scott-Warren properly noticing her deposition and Liberty failing to appear, absent a Court order permitting it to not appear, Ms. Scott-Warren is entitled to her attorneys' fees and costs associated with her noticed deposition, as well as this instant motion, or even more substantial sanctions.

> *But the court will require Aslani to reimburse the defendants for the attorneys fees and other costs which they incurred to have their counsel to attend his depositio*n (including counsel's billable time spent traveling to the deposition site in Troy, a reasonable period of time spent waiting at the deposition site for Aslani to appear or at least communicate his inability to attend, and traveling from the deposition site back to each counsel's office)… *The court will also require Aslani to submit to a complete deposition*, to be completed no later than June 30, 2010.

*Aslani v. Sparrow Health Sys.*, 2010 U.S. Dist. LEXIS 95709, *23-24 (W.D.Mich., July 16, 2010).

> Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition. *Rule 37(d) provides that the failure of a party to appear for deposition may result in the imposition of sanctions* under Rule 37(b)(2)(A), (B) or (C). In *Abiola v. Abubaker*,…the court stated that if the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the party whose deposition is noticed to move for a protective order. *The noticed party does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court.* The severity of the sanction to be imposed, however, depends on the extent to which the failure to appear was willful or in bad faith.

*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 2007 U.S. Dist. LEXIS 100969, *48-50 (D.Nev., Oct. 2, 2007) (internal citations omitted) (emph. added).

Pursuant to Fed.R.Civ.P. 37(d), a party who fails to appear for a properly noticed deposition may be sanctioned for their failure to appear. Sanctions serve the "dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). There is a broad range of sanctions available to the court. For instance, the court may require the disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" as an alternative or additional sanction. *Mafcote, Inc. v. Fed. Ins. Co.*, 2011 U.S. Dist. LEXIS 95571 *7 (W.D. Ky. 2011).

Apart from awarding Ms. Scott-Warren fees, the Court would be acting within its inherent power to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *See* Fed.R.Civ.P. 37(b)(2)(A). Finally, and most drastically, the court may dismiss the case, grant default judgment, or strike pleadings. *Moss v. Fairborn City Schs*, 2010 U.S. Dist. LEXIS 70811, *15-16 (S.D.Oh., June 24, 2010) ("dismissal is viewed as 'the sanction of last resort,' to be imposed 'only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault.'") (quoting *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994); *see also Thomas v. Victoria's Secret Stores*, 141 F.R.D. 456, 459 (S.D.Ohio 1992) ("In this circuit, an order imposing dismissal may be entered only if the court makes an explicit finding that a party bears responsibility for failure to make discovery.").

As evidenced by its refusal to properly respond to Ms. Scott-Warrens' written discovery, as well as its failure to appear at its deposition, Liberty continues to flaunt its discovery obligations, obstructing discovery and needlessly delaying case resolution. Sanctions are appropriate and warranted so as to hold Liberty accountable for its actions and to deter future non-compliance with the Rules by Liberty. *See Thomas & Betts Corp. v. Hosea Project Movers, LLC*, 2005 U.S. Dist. LEXIS 22177, *8 (W.D.Tenn., June 15, 2005) ("Sanctions are 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'") (citing *Hockey*

*League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

"A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment." *Grange Mut. Cas. Co. v. Mack*, 270 Fed.Appx. 372, 376 (6th Cir. 2008). Ordering default to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, (1980). Default as a sanction is available where the party's conduct was willful, malicious or in bad faith. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640 (1976) (per curiam). Before imposing a sanction of default, a court should consider (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the offending party was warned that failure to cooperate could lead to default; and (4) whether less drastic sanctions were imposed or considered before default is ordered. *Grange Mut. Cas. Co.*, 270 F.App'x at 376; *Bradford v. Owens*, 2014 U.S. Dist. LEXIS 95945, *15-16 (W.D.Ky. July 14, 2014). While Ms. Scott-Warren has not yet requested this drastic sanction, she does request the Court place Liberty on notice of these consequences, should it continue to flaunt its discovery obligations.

## Conclusion

Liberty failed to appear for a properly noticed deposition. Liberty's actions were willful and have obstructed the discovery process. Pursuant to Rule 37, Ms. Scott-Warren requests the Court sanction Liberty's conduct as follows:

1.      Liberty shall reimburse Ms. Scott-Warren for her related attorneys' fees and costs (e.g. preparing for the deposition, the instant motion). *See* Fed.R.Civ.P. 37(d)(3) (the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure …");

2.      Deny Liberty's motion for a protective order in its entirety; and

3.      Place Liberty on notice that any further obstruction of the discovery process or failure to comply with its discovery obligations shall result in default being entered against it and

in favor of Ms. Scott-Warren.  *See* Fed.R.Civ.P. 37(b)(2)(A) (sanctions include "(iii) striking pleadings" and "(vi) rendering a default judgment against the disobedient party").

---

Dated:   October 29, 2015                    Respectfully Submitted By:

                                             s/ Andrew M. Grabhorn
                                             Michael D. Grabhorn
                                             *m.grabhorn@grabhornlaw.com*
                                             Andrew M. Grabhorn
                                             *a.grabhorn@grabhornlaw.com*
                                             Grabhorn Law Office, PLLC
                                             2525 Nelson Miller Parkway, Suite 107
                                             Louisville, Kentucky  40223
                                             p: (502) 244-9331
                                             f: (502) 244-9334

                                             *Counsel for Plaintiff*

Certificate of Service

I certify that on October 29, 2015, a copy of the foregoing was filed electronically with this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


s/ Andrew M. Grabhorn
Andrew M. Grabhorn