UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SUZETTE SCOTT-WARREN                                              PLAINTIFF


v.                                          CIVIL ACTION NO. 3:14-cv-00738-CRS

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON                                                DEFENDANT


### MEMORANDUM OPINION AND ORDER

Defendant Liberty Life Assurance Company of Boston ("Liberty") moves for partial summary judgment on Plaintiff Suzette Scott-Warren's claim under 29 U.S.C. § 1132(a)(3). Scott-Warren filed suit alleging Liberty's denial of long-term disability benefits was a contractual breach under 29 U.S.C. § 1132(a)(1)(B). Scott-Warren also alleged a claim of "disgorgement" under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). For the reasons below, the Court will grant Liberty's motion.

### Standard

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving

1

party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## Discussion

1. <u>Breach of Fiduciary Duty or Disgorgement Claim</u>

The Court agrees with Liberty that Scott-Warren did not state a claim for breach of fiduciary obligations. Although Scott-Warren asserts that she "has also brought a claim under [29 U.S.C. § 1132](a)(3), seeking relief for Liberty's breach of its fiduciary obligations," Mot. Compel 5, ECF No. 17, her complaint is devoid *any* mention of such a claim. If Scott-Warren seeks relief for breach of fiduciary duty, the proper avenue to assert such a claim is to amend the complaint. *See* Fed. R. Civ. P. 15.

Furthermore, Scott-Warren's second claim, which she characterizes as a "disgorgement" claim, Compl. ¶¶ 18 – 20, and also as a "breach of fiduciary duty" claim, Resp. 6, ECF No. 32; *see also* Mot. Compel 5; is deficient on its face and fails as a matter of law. It is "well established in this Circuit that plaintiffs could bring claims for *breaches of fiduciary* duty in ERISA cases." *Jones v. Allen*, No. 2:11-CV-380 (S.D. Ohio Mar. 21, 2014) (emphasis added). Scott-Warren attempts to manipulate this precedent into standing for the proposition that "disgorgement" claims may be brought and are commonplace in this Circuit. *See* Resp. 6. Disgorgement is not a cause of action under 29 U.S.C. § 1132(a)(3), rather, disgorgement is a potential remedy. *See Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015); *Varity Corp. v. Howe*, 516 U.S. 489, 512 – 515 (1996); *see also Gluc v. The Prudential Ins. Co. of Am.*, No. 3:14-CV-519-DJH-DW (W.D. Ky. Oct. 22, 2015); *Hackney v. The Lincoln Nat'l Life Ins. Co.*, No. 3:11-CV-268-TBR, (W.D. Ky. Aug. 12, 2014).

Absent a valid claim under 29 U.S.C. § 1132(a)(3), Scott-Warren cannot seek an equitable remedy under that section. Therefore, there can be no genuine issue of material fact concerning her disgorgement claim. The Court will grant Liberty's motion for summary judgment on Scott-Warren's disgorgement claim under 29 U.S.C. § 1129(a)(3).

2. Fed. R. Civ. P. 56(d) Objection

Scott-Warren requests that the Court deny or defer Liberty's motion for summary judgment to allow her more time to compile additional discovery. Additional discovery would not cure Scott-Warren's insufficient pleading. Moreover, Scott-Warren's response and her counsel's attached declaration do not set forth any indicia of additional facts that discovery would uncover that would create a genuine issue of material fact concerning the relevant claim. The Court denies Scott-Warren's request.

**Conclusion**

Accordingly, and the Court being sufficiently advised**, IT IS HEREBY ORDERED AND ADJUDGED** that that Defendant Liberty Life Assurance Company of Boston's motion for partial summary judgment on Scott-Warren's disgorgement claim under 29 U.S.C. § 1129(a)(3) (DN 20) is **GRANTED**.

**IT IS SO ORDERED.**

February 19, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**