UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:14-CV-738-CRS-CHL

SUZETTE SCOTT-WARREN,                                                  Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,                Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on two motions related to the efforts of Plaintiff Suzette Scott-Warren ("Plaintiff") to conduct a Rule 30(b)(6) deposition of Defendant Liberty Life Assurance Company of Boston ("Defendant").  First, Defendant filed a motion for a protective order (DN 26) that would shield it from participating in a 30(b)(6) deposition as noticed by Plaintiff or that would, in the alternative, limit the scope of such deposition.  Plaintiff filed a response in opposition and Defendant filed a reply.  (DN 34, 42.)  Second, Plaintiff filed a motion for sanctions (DN 28) against Defendant for its failure to appear for the 30(b)(6) deposition.  Defendant filed a response in opposition and Plaintiff filed a reply.  (DN 35, 43.)  Both motions are ripe for review.  For the following reasons, Defendant's motion for protective order (DN 26) is **granted in part and denied in part** and Plaintiff's motion for sanctions (DN 28) is **denied**.

## BACKGROUND

### 1.  Motion for Protective Order

At the heart of this dispute is a disagreement regarding whether a plaintiff in an ERISA case is entitled to depose the insurer defendant, or whether the traditionally limited scope of discovery in ERISA cases precludes such a deposition.  On September 22, 2015, Plaintiff served

on Defendant a Notice of 30(b)(6) Deposition (DN 16) to be conducted at the offices of Plaintiff's counsel on October 28, 2015. The deposition notice stated that Defendant was to "designate one or more officers, directors, or managing agents, or other persons" to "testify as to matters known or reasonably available to [their] organization[s]." (DN 16 (brackets in original).) The deposition notice includes an enumerated list of thirteen "matters known or reasonably available to" Defendant, on which its designated representative(s) "should be prepared and able to testify." (*Id.*) It also includes eleven categories of documents required to be produced; the final category includes eight subparts. (*Id.*) A majority of these categories track Plaintiff's written discovery requests; the written discovery was the subject of Plaintiff's motion to compel, which the undersigned Magistrate Judge recently resolved.[1] (*See* DN 51.) Each party's arguments regarding the 30(b)(6) deposition mirror its arguments in relation to Plaintiff's written discovery requests.

In the motion for protective order, Defendant contends, as it did in response to Plaintiff's motion to compel, that a court's review of a denial of benefits pursuant to ERISA is confined to the administrative record, or, at most, a very limited scope of inquiries beyond it. Defendant further argues that recent decisions of this district permitting broader discovery, including Rule 30(b)(6) depositions, are not controlling authority and need not be followed in this case. It goes on to argue that even if the Court permits some discovery in this case, the Court should limit it to written discovery, as doing so would promote the interests of economy and efficiency. After devoting approximately fifteen pages to argument on broader ERISA discovery-related issues, Defendant addresses the individual categories to be covered in the deposition as set forth in

---

[1] Indeed, the parties presented limited argument on Plaintiff's right to conduct a Rule 30(b)(6) deposition as part of their briefing on the motion to compel. In analyzing and ruling on the motion to compel, the Court reserved its ruling on the deposition-related issues in favor of addressing them by separate order. This is that order.

Plaintiff's deposition notice.  The Court addresses the individual topics for the deposition in the Discussion section below.

Before moving on to Plaintiff's response, the Court will acknowledge Defendant's argument that it should not be required to sit for a deposition until the Court has ruled on Plaintiff's motion to compel and its motion for partial summary judgment.  (DN 17, 20.)  Senior District Judge Charles R. Simpson III granted Defendant's motion for partial summary judgment, doing away with Plaintiff's claim for breach of fiduciary duty or disgorgement pursuant to 29 U.S.C. § 1132(a)(3).  (DN 50.)  And, as is noted above, the undersigned recently entered a memorandum opinion and order largely granting (but also denying in several respects) Plaintiff's motion to compel discovery.  (DN 51.)  While the Court was not required to wait to rule on the deposition issues until after the other two motions were decided, the fact that those two motions have been disposed of certainly narrows the issues related to the motion for protective order.

In her response in opposition to the motion for protective order, Plaintiff first argues that the motion is procedurally flawed because Defendant failed to appear for the deposition as scheduled and failed to seek a protective order from the Court until *after* the scheduled deposition.  She contends that these "dilatory and obstructive actions are improper and warrant the Court denying [the] motion and awarding [Plaintiff] her related fees and costs."  (DN 34 at 2.)  Second, Plaintiff argues that the motion is substantively flawed because the law entitles her to all of the discovery she seeks, including all aspects of the deposition notice.  She argues that she has adhered to the narrowed scope of discovery permissible in relation to claims pursuant to 29 U.S.C. § 1132(a)(1)(B), and that notwithstanding the foregoing, Section 502(a)(3) claims have no discovery limitations.  As discussed above, the Court need not address her argument with respect to the Section 502(a)(3) claim because Defendant obtained summary judgment on

3

that claim.  Plaintiff argues that Defendant relies upon outdated case law regarding ERISA discovery while ignoring recent cases that delineate the permissible scope of discovery in cases that are all but identical to this one.  She goes on to address what she claims is the prevailing standard in this district regarding discovery in Section 1132(a)(1)(B) claims and then applies that standard to the enumerated topics that appear in her deposition notice.

In its reply in support of the motion for protective order (DN 42), Defendant states that it respectfully disagrees with the trend in recent decisions of this district as to the permissible scope of discovery in ERISA cases.  It goes on to reassert its objections to any right of Plaintiff to conduct a 30(b)(6) deposition on the categories set forth in her deposition notice.

### 2.    Motion for Sanctions

The second, related motion before the Court at this time is Plaintiff's motion for sanctions against Defendant in relation to its failure to appear for the 30(b)(6) deposition (DN 28).  Plaintiff contends that she is entitled to attorneys' fees and costs, as well as a denial in full of Defendant's motion for protection order, because Defendant failed to appear for the 30(b)(6) deposition.  Plaintiff argues that the deposition was properly noticed and that Defendant was obligated to attend, as it did not seek a protective order from the Court until after the close of business on the date of the deposition, October 28, 2015.  This request for Court protection from appearance at the deposition was, according to Plaintiff, both untimely and inexcusable because Defendant had known of the date for the deposition since September 22, 2015, over one month earlier.  Moreover, Plaintiff contends, merely filing a motion for protective order does not alleviate the requirement that a party appear for a properly noticed deposition; only after being granted relief by a court may a party justifiably not appear.  Plaintiff argues that she is entitled to

4

sanctions against Defendant pursuant to two subsections of Rule 37 of the Federal Rules of Civil Procedure, Rule 37(b)(2)(A) and (d)(3).

Relying on email correspondence and descriptions of telephone conversations between counsel, Plaintiff argues that Defendant was well aware of its obligation to appear for the deposition and that Defendant's counsel represented that she planned to seek a protective order prior to the date of the deposition. According to Plaintiff, Defendant's failure to appear or seek a protective order before the deposition is indicative of its indifference to the Rules of Civil Procedure and its ongoing attempts to obstruct the progression of this litigation.

In response, Defendant argues that its failure to appear for the deposition was substantially justified, and accordingly, sanctions are not warranted. (*See* DN 35 at 2 (citing Fed. R. Civ. P. 37(d)(1)(A)).) Specifically, Defendant argues that because Plaintiff served the deposition notice on the same day that she filed a hotly contested motion to compel (DN 16) regarding written discovery that cover nearly identical areas of inquiry as the deposition notice, it was completely unreasonable for Plaintiff to expect the 30(b)(6) deposition to go forward as scheduled. Defendant further argues that Plaintiff unilaterally selected the date of the deposition without consulting Defendant. Defendant disputes Plaintiff's representations that its counsel refused to discuss potential deposition dates. It further disagrees with Plaintiff's position as to the discussions between counsel in the days leading up to the deposition date. Defendant represents that its counsel requested a two-day extension to file a motion for protective order as to the deposition (that is, to file a motion by October 30, 2015), and that Plaintiff's counsel delayed in responding to that request, only to ultimately refuse to agree to an extension of time. Defendant states that, "[d]espite her best efforts, [defense counsel] was unable to draft the motion for protective order and have it reviewed by the client in time to file the motion prior to

the 9:00 a.m. designated start time for the 30(b)(6) deposition on October 2[8], 2015." (DN 35 at 5.)  Defendant states that as of at least October 21, 2015, one week before the scheduled deposition, Plaintiff was well aware that Defendant would not appear for the deposition. Defendant points to its response (DN 22) to Plaintiff's motion to compel, in which it set forth its position as to why the Court should reject Plaintiff's request for a 30(b)(6) deposition.

In reply, Plaintiff argues that Defendant failed to supply any substantially justified excuse for its failure to appear. She points to Rule 37(d)(2), which provides that "[a] failure [to appear for a properly noticed deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

## DISCUSSION

### 1. Motion for Protective Order

#### a. Whether Plaintiff May Conduct a Rule 30(b)(6) Deposition

As is noted by both parties in their briefing on the motion for protective order, several recent opinions from our district have addressed both the broader issue of the scope of discovery in ERISA cases and the narrower issue of 30(b)(6) depositions in such cases.[2]  The Court need not reinvent the wheel on either issue.  Specifically, as the Court found with respect to the motion to compel in this case, our sister courts, as well as the undersigned, have uniformly concluded in recent cases that the mere existence of a conflict of interest is sufficient to allow some discovery outside of the administrative record.  *See, e.g.*, *Davis v. Hartford Life & Accident Ins. Co.*, 2015 U.S. Dist. LEXIS 158313, *8 (W.D. Ky. Nov. 24, 2015); *Myers v. Anthem Life*

---

[2]       The Court notes that the cases discussed in this section addressed the propriety of a 30(b)(6) deposition in the context of a plaintiff's motion to compel, whereas in this case, the Court discusses it in relation to Defendant's motion for protective order.  This is immaterial, as the legal issues involved are the same.  Moreover, in its lengthy opinion (DN 51) on Plaintiff's motion to compel in this case, the Court deferred ruling on the request for a 30(b)(6) deposition until it addressed the motion for protective order.

*Ins. Co.* 2016 U.S. Dist. LEXIS 37411, *17 (W.D. Ky. March 21, 2016).  This conclusion is rooted in the United States Supreme Court's decision in *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).  In *Glenn*, the Supreme Court held that when a plan administrator both evaluates claims for benefits and pays benefits claims, there is a *per se* conflict of interest.  *Glenn*, 554 U.S. at 112; *see id.* at 116 (stating that it is not "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict . . . [because] special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress").

As is discussed in the Court's opinion on the motion to compel in this case, this Court sees no reason to deviate from the trend in our district, and Defendant has not provided any convincing reason as to why it is deserving of such a deviation in this case.  (*See generally* DN 51 at 7-12 (addressing dispute regarding scope of discovery and setting forth guidelines as to permissible areas of inquiry).)  In her complaint, Plaintiff alleges that Defendant "is the underwriter, insurer and administrator of the disability insurance policy at issue in this lawsuit." (DN 1 at 2, ¶ 7.)  As it did in deciding the motion to compel, the Court again finds that this is sufficient to allege that a conflict of interest exists.  Accordingly, and consistent with Senior Judge Russell's analysis in *Davis*, 2015 U.S. Dist. LEXIS 158313, and the undersigned's conclusion in *Myers*, 2016 U.S. Dist. LEXIS 37411, the Court concludes that because Plaintiff has alleged the existence of a conflict of interest, she is entitled to discovery on particularized areas of inquiry.

An opinion issued approximately one month ago by Magistrate Judge Dave Whalin, *Blackwell v. Liberty Life Assurance Company*, 2016 U.S. Dist. LEXIS 73317, *48-50 (W.D. Ky.

7

May 19, 2016), squarely addressed the 30(b)(6) deposition issue in a case involving the very same attorneys who represent the parties in this case. The Court's analysis and conclusions set forth herein should come as no surprise to either party. In *Blackwell*, Defendant "declined to provide deposition dates based on its view that such depositions[] first are not permitted by the narrow scope of discovery in such ERISA benefit denial actions, and second should only be conducted if less costly, more traditional discovery methods such as interrogatories, requests for production and admissions are not adequate based on a showing by [Plaintiff.]" *Blackwell*, 2016 U.S. Dist. LEXIS 73317 at *48-49. Likewise, the Court finds in this case that Defendant did not provide potential deposition dates. Rather, it informed Plaintiff's counsel on more than one occasion that it would not participate in a deposition and insisted that no deposition would occur absent a directive from the Court.

The Court concurs with Magistrate Judge Whalin's conclusion in *Blackwell* that Defendant's view regarding its obligation to sit for a 30(b)(6) deposition "cannot be squared with the resolution of the same issue in [several recent decisions from our sister courts]." *Id.* at *49 (referring to the following opinions: *Owens v. Liberty Life Assur. Co. of Boston*, 2016 U.S. Dist. LEXIS 51350 (W.D. Ky. Jan. 15, 2016); *Davis v. Hartford Life & Accident Ins. Co.*, 2015 U.S. Dist. LEXIS 158313 (W.D. Ky. Nov. 24, 2015); and *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 408 (W.D. Ky. Aug. 5, 2015)). The following excerpt from *Blackwell* is on point:

> *Davis* involved identical deposition requests for a corporate deposition and that of the two individuals who signed the denial letters that denied Davis's [long-term disability] benefits claim. Over the objections of the defendant insurer in *Davis*, the district court granted the motion to compel the witnesses to sit for deposition explaining that:
>
> Our sister court has recently addressed this very request in *Gluc*. *See* 309 F.R.D. 406, 2015 WL 4746249 at *11-12. After reviewing an abundance of case law, the court in *Gluc* concluded that "the

> majority of courts to address this [request] have denied the efforts
> of defendant insurers to prohibit depositions in ERISA actions
> involving plaintiffs who allege that they were wrongfully denied
> disability benefits due to an inherent conflict of interest arising
> from the dual status of the defendant as both administrator and
> payor of disability claims." *Id.*
>
> Here, Davis alleges that Hartford wrongfully denied his disability
> benefits due to an inherent structural conflict of interest. As this
> court finds its sister court's analysis in *Gluc* persuasive, Davis's
> motion to compel Hartford to provide the aforementioned
> witnesses for depositions is granted.

*Blackwell*, 2016 U.S. Dist. LEXIS 73317, at *48-49 (quoting *Davis*, 2015 U.S. Dist. LEXIS

158313, at *12-13). The *Blackwell* court went on to note that the *Owens* court "likewise required

the defendant in that action, also Liberty Life, to have its employees . . . sit for deposition along

with the Rule 30(b)(6) representative of the company." *Id.* at *50 (citing *Owens*, 2016 U.S. Dist.

LEXIS 51350). Ultimately, the *Blackwell* court concluded that, "[f]or the same reasons set forth

in *Davis* and *Gluc* . . . [the plaintiff was] not required to make any special showing in order to

obtain the depositions he [sought]." *Id.* The court reasoned that to require a "special showing

would be directly contrary to the concepts discussed in *Glenn*, and would not promote the goals

of *Glenn*." *Id.*

Based on the foregoing, the Court finds that Plaintiff is entitled to take a Rule 30(b)(6)

deposition of Defendant's designated representative(s). With that said, however, *Glenn* and its

progeny do not give ERISA plaintiffs carte blanche as to the scope of written discovery or

30(b)(6) depositions. Accordingly, the Court will address the propriety of the categories of

information and documents sought by Plaintiff as set forth in the deposition notice, particularly

in light of the specific confines for discovery already set by this Court in relation to Plaintiff's

motion to compel. (*See generally* DN 51.)

b.  <u>Whether the Scope of the Deposition Notice Ought to be Limited</u>

The deposition notice provides that the 30(b)(6) "designated representative(s) should be prepared and able to testify as to the following **matters known or reasonably available to [Defendant]**," followed by a list of thirteen areas of inquiry.  (DN 16 at 3.) The Court addresses each area below consistent with its rulings as to Plaintiff's written discovery requests.

1)   *Defendant's answer to the complaint, including defenses.*

Consistent with the Court's rulings as to interrogatory number 4 and request for production numbers 13 and 14, the motion for protective order is **denied** as to the first area of inquiry, the answer to the complaint, including defenses.

2)   *Defendant's claims practices.*

3)   *Defendant's training of claims personnel.*

Consistent with the Court's rulings as to request for production numbers 2 and 3, the motion for protective order is **granted in part and denied in part** as to the second and third areas of inquiry, claims practices and training of claims personnel.  Specifically, the motion is **granted** insofar as Plaintiff seeks materials that were merely available to, but not utilized by, the claims unit in processing Plaintiff's claim or that were used in processing other insured individuals' claims.  The motion is **denied** insofar as Plaintiff seeks claim administration and training materials and manuals utilized by the long-term disability claims unit in processing Plaintiff's claim.

4)   *Defendant's compensation practices for claims personnel.*

Consistent with the Court's rulings as to interrogatory number 5 and request for production number 8, the motion for protective order is **granted in part and denied in part** as to the fourth area of inquiry, compensation practices for claims personnel.  Specifically, Plaintiff

10

*may* depose Defendant's representative regarding compensation practices or programs that apply across the board to disability claims personnel.   Plaintiff may *not* depose Defendant's representative regarding compensation of individual employees.

5) *Defendant's performance reviews of claims personnel.*

Consistent with the Court's ruling on interrogatory number 6 and request for production number 9, the motion for protective order is **granted** with respect to the fifth area of inquiry, performance reviews of claims personnel.  At this juncture, Plaintiff is not entitled to information regarding Defendant's performance review process.   However, if discovery related to compensation practices leads to a suggestion of the influence of bias in the disability claims decision process, then the Court is willing to revisit the issue of performance reviews.

6) *Defendant's contracts, relationship, and utilization of medical review vendors, including CompPartners and Tal Jiva.*

Consistent with the Court's rulings on interrogatory numbers 7, 8, 11, and 12, and request for production numbers 19 and 20, the motion for protective order is **denied** with respect to the sixth area of inquiry, Defendant's contracts, relationship, and utilization of medical review vendors, including CompPartners and Tal Jiva.  However, the limitations set forth in the Court's opinion on the motion to compel (DN 51) regarding (1) the non-discoverability of matters going to credibility or professional backgrounds of the third parties; and (2) the ten-year time frame for statistical information apply equally to the 30(b)(6) deposition.

7) *Defendant's organizational structure and hierarchy.*

Consistent with the Court's ruling on request for production 18, the motion for protective order is **denied** with respect to the seventh area of inquiry, Defendant's organizational structure and hierarchy.

8)    *Plaintiff's written discovery, including Defendant's responses.*

Consistent with the Court's ruling on request for production 15, the motion for protective order is **denied** with respect to the eighth area of inquiry, Defendant's responses to Plaintiff's written discovery requests.

9)    *Defendant's compliance with applicable insurance laws and regulations.*

10)   *Defendant's compliance with ERISA and corresponding claim regulations.*

Defendant seeks protection from being deposed on its compliance with applicable insurance laws and regulations and with ERISA and related regulations.  These categories were not included in Plaintiff's written discovery in this case; however, the Court has addressed similar requests in other cases.

District courts in the Sixth Circuit recognize the following as among the permissible areas of inquiry: "documentation of administrative practices designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate the plaintiff's claim)."  *Clark v. American Electrical Power Systems Long Term Disability Plan*, 871 F. Supp. 2d 655, 660 (W.D. Ky. 2012).  Based on the foregoing, the Court concludes that Plaintiff is entitled to depose Defendant's representative regarding Defendant's compliance with applicable insurance laws and regulations and ERISA, but only as to those laws and regulations that were actually consulted and applied in relation to Plaintiff's claim.  *See Owens*, 2016 U.S. Dist. LEXIS 51350 at *28-29 (compelling production of documents reflecting compliance with claim regulations).  Accordingly, the Court concludes that, subject to the limitation set forth above, the motion for protective order is **denied** as to the ninth and tenth areas of inquiry, compliance with applicable insurance laws and regulations and ERISA and corresponding claim regulations.

12

      11)    *Defendant's reduction of monthly benefits by "Other Income Benefits."*

      12)    *Defendant's collection practices relating to "Other Income Benefits."*

In her eleventh and twelfth areas of inquiry, Plaintiff requests certain information related to "other income benefits."  Defendant traces these requests to its affirmative defenses, in which it stated that any payments made by Defendant to Plaintiff pursuant to her long-term disability policy must be reduced, diminished, or offset by the amount that she receives from other sources, including, but not limited to Social Security disability payments.  (*See* DN 26-1 at 24-25.) Defendant argues that Plaintiff is not entitled to discovery on these issues because they go to the substance of its defenses and because "all relevant information on this issue is contained in the Administrative Record, which has been produced."  (*Id.* at 25.)

As is set forth above and in the Court's memorandum opinion and order on the motion to compel, Plaintiff is entitled to discovery on Defendant's affirmative defenses, including the defense cited by Defendant regarding the "other income benefits."  Insofar as Defendant represents that it has already produced all relevant documents in the administrative record, the Court concludes that Defendant must inform Plaintiff of the specific pages in the administrative record that it contends are relevant.  *See Mullins*, 267 F.R.D. at 514 ("The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which answers cannot be ascertained by a person unfamiliar with them.") (quoting *In re G-I Holdings, Inc.*, 218 F.R.D. 428, 438 (D. N.J. 2003)).

Accordingly, the motion for protective order is **denied** with respect to the eleventh and twelfth areas of inquiry listed in the deposition notice, subject to the limitations set forth above.

13) *Defendant's earnings relating to its group long term disability products.*

The final topic of inquiry identified in the deposition notice is Defendant's earnings relating to its long term disability products. The Court concludes that Plaintiff is not entitled to depose Defendant on this issue. The case citations that Plaintiff offers in support of the requested information relate to discovery on reserves maintained by insurer defendants in cases involving non-ERISA bad-faith claims. Moreover, Plaintiff has not connected the information she seeks to any of the areas of discovery that have been identified as permissible by district courts in the Sixth Circuit. Finally, the Court is inclined to agree with Defendant that if this area of inquiry can be construed as relating to any claim asserted by Plaintiff, it would be solely Plaintiff's "disgorgement" claim, which did not survive Defendant's motion for partial summary judgment. (*See* DN 22.)

Accordingly, the motion for protective order is **granted** as to the thirteenth and final area of inquiry listed in the deposition notice.

The deposition notice further sets forth eleven categories (exclusive of subparts) of **material documents to be produced by Defendant**.

1) *Each material document supporting Defendant's answer to the complaint, including defenses and affirmative defenses.*

Consistent with the Court's ruling as to the first area of inquiry in the deposition notice, as well as its rulings as to interrogatory number 4 and request for production numbers 13 and 14, the motion for protective order is **denied** as to the first category of documents listed in the deposition notice, the answer to the complaint, including defenses.

14

2)      *Each material document supporting Defendant's answers and responses to written discovery.*

Consistent with the Court's rulings as to the eighth area of inquiry on the deposition notice, discussed above, and as to request for production number 15, the motion for protective order is **denied** as to the second category of material documents listed in the deposition notice, documents that support Defendant's answers and responses to written discovery.

*3) Each document demonstrating any delegation of discretionary authority.*

Consistent with the Court's ruling as to request for production number 17, the motion for protective order is **denied** as to the third category of material documents listed in the deposition notice, documents demonstrating any delegation of discretionary authority.

*4) Each material document relating to Plaintiff's claim for benefits.*

The Court finds that Plaintiff's request that Defendant produce each material document relating to her claim for benefits is overly broad.  It need not be addressed at length.  As Plaintiff and her counsel are well aware, limitations still exist as to discovery on ERISA claims.  Courts have allowed discovery regarding whether (i) there is a history of biased claim denials; (ii) the employer has made measures to reduce bias and promote accuracy; and (iii) company policies reward or encourage denials.  *Kasko*, 33 F. Supp. 3d at 788 (citing *Raney v. Life Ins. Co. of N. Am.*, 2009 U.S. Dist. LEXIS 34098, *3 (E.D. Ky. Apr. 20, 2009)).  Plaintiff did not attempt to narrow this request to one or more of the categories of discovery that have been deemed permissible by courts in our district.  Accordingly, the motion for protective order is **granted** as to the fourth category of material documents included in the deposition notice.

       *5) Defendant's complete claims manual.*

       *6) Defendant's training materials and manuals for disability claim personnel.*

Consistent with the Court's rulings as to request for production number 2 and 3, the motion for protective order is **granted in part and denied in part** as to the fifth and sixth categories of material documents listed in the deposition notice, Defendant's claims manual and training materials and manuals.  Specifically, the motion for protective order is **denied** as to such materials that were actually utilized by the long-term disability claims unit in processing Plaintiff's claim.  It is **granted** as to such materials that were merely available to, but not utilized by, the claims unit in processing Plaintiff's claim; it is also granted in relation to such materials that were utilized by or available to the claims unit in processing other individuals' claims.

       *7) Defendant's organizational structure.*

Consistent with the Court's rulings as to the seventh area of inquiry set forth in the deposition notice and as to request for production number 18, the motion for protective order is **denied** as to the seventh category of material documents listed in the deposition notice, Defendant's organizational structure.

       *8) Defendant's specific compensation, including calculations and supporting documents, for each person involved with Plaintiff's claim.*

Consistent with the Court's rulings as to the fourth area of inquiry on the deposition notice and as to interrogatory number 5 and request for production number 8, the motion for protective order is **granted** as to the eighth category of material documents, specific compensation for individuals involved with Plaintiff's claim.  As the Court has explained previously, Plaintiff is entitled to production of materials regarding compensation practices or

programs that apply across the board to disability claims personnel, but she is *not* entitled to materials regarding compensation of individual employees.

> *9) Defendant's performance reviews for each person involved with Plaintiff's claim.*

Consistent with the Court's rulings on the fifth area of inquiry set forth in the deposition notice, interrogatory number 6, and request for production number 9, the motion for protective order is **granted** regarding the ninth category of material documents requested, performance reviews for individuals involved with Plaintiff's claim. At this juncture, Plaintiff is not entitled to information regarding Defendant's performance review process. However, if discovery related to compensation practices leads to a suggestion of the influence of bias in the disability claims decision process, then the Court is willing to revisit the issue of performance reviews.

> *10) Each material document identifying Defendant's administrative processes and safeguards designed to ensure the fair and proper administration of claims.*

Consistent with the Court's rulings on the ninth and tenth areas of inquiry set forth in the deposition notice, the Court concludes that the motion for protective order is **denied** as to the tenth category of material documents, related to administrative processes and safeguards designed to ensure the fair and proper administration of claims, subject to the following limitation. Plaintiff is entitled to production of material documents as to this category and to depose Defendant's representative thereon, but *only* as to those processes and safeguards that were actually applied or specifically relevant to Plaintiff's claim.

> *11) For Comp Partners and Tal Jiva (respectively "Entity") provide the following material documents [ . . . . ]*

In the eleventh and final category of material documents set forth in the deposition

notice, Plaintiff requests a number of different types of documents related to CompPartners and Dr. Jiva.  Consistent with the Court's rulings on the sixth area of inquiry set forth in the deposition notice and request for production numbers 19 and 20, the Court concludes that the motion for protective order is **denied** as to the eleventh category of material documents, related to Defendant's relationship with CompPartners and Dr. Jiva, subject to the limitation that Defendant need not provide any documentation that goes to the credibility or professional background of Dr. Jiva or any other individual.

> c.   Location of the Rule 30(b)(6) Deposition

Before moving on to Plaintiff's motion for sanctions, the Court notes that pursuant to the 30(b)(6) deposition notice served by Plaintiff, the deposition was to take place at the office of Plaintiff's counsel in Louisville, Kentucky.  (DN 16 at 1.)  Defendant did not raise the issue of the location of the deposition in its motion for protective order.  For that reason, the Court will not devote significant time to the issue.  However, the Court finds it important to remind the parties that "[t]he general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business." *Steppe v. Cleverdon*, 2007 U.S. Dist. LEXIS 54154, *5 (E.D. Ky. July 25, 2007) (citing *Chris-Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999)); *Pogue v. Northwestern Mut. Life Ins. Co.*, 2016 U.S. Dist. LEXIS 58405, *8 (W.D. Ky. May 3, 2016) (citing *Steppe*, *supra*) (*objection overruled in Pogue v. Northwestern Mut. Life Ins. Co.*, 2016 U.S. Dist. LEXIS 78323 (W.D. Ky. June 16, 2016)).

When a party seeks a protective order from appearing at a deposition at a location other than its place of residence -- or, for a corporate entity, its principal place of business -- there is a presumption of good cause for a protective order.  *Chris-Craft*, 184 F.R.D. at 607.  Absent

special circumstances that would rebut that presumption, a corporation will prevail if it seeks a protective order in the face of a deposition notice for a location other than its principal place of business.  *See Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ("From these principles has evolved the rule that in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located.") (citations omitted).

### 3. Motion for Sanctions

As is described above, Plaintiff's motion for sanctions (DN 28) is based on her contention that Defendant failed to appear for a properly noticed Rule 30(b)(6) deposition and failed to timely seek a protective order from the Court that would excuse her nonappearance. Defendant argues that its actions were substantially justified.  Specifically, it contends that Plaintiff was on notice that it would not appear for the deposition; that the dispute regarding Plaintiff's right to take the deposition as noticed is intertwined with the ongoing dispute as to the scope of written discovery in this case; that it filed the motion for protective order just hours after the deposition was to commence; and that Plaintiff failed to grant its reasonable request for a two-day extension of time to seek a protective order.  (*See generally* DN 35.)

Rule 37(d) of the Federal Rules of Civil Procedure sets forth the applicable rule regarding sanctions for failure to appear for a Rule 30(b)(6) deposition.  The Court "may, on motion, order sanctions if [. . .] a party or . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition[.]"   Fed. R. Civ. P. 37(d)(1)(A)(i).  Such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  *Id.* at (d)(2).  A motion for sanctions in relation to failure to appear for a Rule

30(b)(6) deposition must include a certification that the movant conferred or attempted to confer in good faith with the party that failed to act, in an effort to avoid seeking court action. *Id.* at (d)(1)(B). Finally, a court may award sanctions for such conduct, including any type of sanction listed in Rule 37(b)(2)(A)(i)-(vi), and "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at (d)(3).

At first glance, it may appear that sanctions are justified under these circumstances. Defendant appears to concede that the 30(b)(6) deposition was properly noticed. It also concedes that it did not appear for the deposition. Finally, it concedes that it did not file the motion for protective order until after the deposition was scheduled to begin. Based on the foregoing, the Court *could* award sanctions to Plaintiff under the terms of Rule 37(d)(1).

However, under the particular circumstances presented at this time, the Court finds that an award of sanctions would not be proper because Defendant has established that its failure to appear for the deposition was substantially justified. In this case, Plaintiff had ample notice that Defendant objected to the taking of the deposition. As is clear from the discussion above regarding the specific areas of inquiry and documents requested in the deposition notice, the dispute regarding the deposition is inextricably linked to the dispute in this case regarding written discovery. The parties' arguments as to the extent to which Plaintiff may take discovery in this ERISA case are *identical* in relation to written discovery and the 30(b)(6) deposition. This is true for both their broader, policy-based arguments regarding the scope of discovery under ERISA and for the individual topics or categories covered by Plaintiff's discovery requests and deposition notice. Moreover, the timing in this case is telling. Plaintiff filed her motion to

20

compel (DN 17) *on the very same day* that she served the 30(b)(6) deposition notice (DN 16).  In short, she knew or should have known that Defendant would object to the deposition notice.

Additionally, Plaintiff cannot argue credibly that she expected Defendant to appear for the deposition.  Defendant communicated its objections, through counsel, by email, telephone, and through its response to the motion to compel.  (*See* DN 35-1, 35-2, 35-3 (email communications); DN 22 at 36-37 (response to motion to compel).)  For example, on September 29, 2015, one week after service of the deposition notice and approximately one month prior to the date set by Plaintiff, counsel for Defendant emailed counsel for Plaintiff and requested times that the attorneys could discuss the 30(b)(6) deposition notices served by Plaintiff in this case and in another matter.  (DN 22-4 at 1.)  Defendant's attorney reiterated this request on at least one other occasion, apparently to no avail.  (*See id.* at 3, 5.)  Moreover, even prior to serving the deposition notice, Plaintiff was put on notice of Defendant's position regarding Plaintiff's right to take a 30(b)(6) deposition in this case.  (*See* DN 35-3 at 3 ("[We] will not agree to a 30(b)(6) deposition pursuant to your draft 30(b)(6) notice.").

Notwithstanding the foregoing, Rule 37(d)(2) provides that failure to appear for a properly noticed 30(b)(6) deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).  It is undisputed that while the deposition was set to begin at 9:00 a.m. on October 28, 2015, Defendant did not file its motion for protective order until the evening of the same day.  However, the Court finds that an award of sanctions is not in order at this time because "the failure" – in this case, the failure to appear for the deposition *and* the failure to timely file a motion for protective order – "was substantially justified [and] other circumstances make an award of expenses unjust." *Id.* at (d)(3).

21

The deposition was set to take place on Wednesday, October 28, 2015. On Friday, October 23, 2015, Defendant's counsel sought a two-day extension of time until Friday, October 30, 2015 to file a motion for protective order. Defendant contends that Plaintiff's counsel "said that he would talk with his co-counsel and promised that he would get back to [defense counsel] *by the end of that day, i.e. October 23*." (DN 35 at 3.) Plaintiff's position is that her counsel indicated he would *attempt* to get back with her that day with a response." (DN 43 at 6.) Instead, Plaintiff's counsel responded on Monday, October 26, stating as follows:

> During our conversation last Friday you asked if we would agree to allow [Defendant] until the end of this week (Friday) to file its protective order pertaining to the 30(b)(6) deposition scheduled for 10/28/15. Our position is, and will remain, that we properly noticed the deposition and that [Defendant] has had substantial time in which it could have sought a protective order. Therefore, the deposition will be going forward on 10/28/15.

(DN 28-4 at 1.) Less than one hour later, Defendant's attorney responded that she would "fil[e a] motion for protective order before the deposition objecting to both the taking of the deposition and the scope of the matters to be covered and the documents to be produced." (*Id.*) Further, counsel stated that Defendant "will not appear for the noticed deposition." (*Id.*)

These email communications are a key factor in the Court's finding that Defendant's actions were substantially justified. Plaintiff's representation that her counsel were not able to respond to Defendant's request for two additional days in which to file a motion for protective order at any time between Friday, October 23, and Monday, October 26, is not persuasive. Whether Plaintiff's counsel promised to respond to the request later on the day of Friday, October 23, or merely stated that he would attempt to do so is immaterial. For better or worse, at the present time, attorneys, both in the usual course of practicing law *and in the course of this particular discovery dispute*, routinely communicate by email, often exchanging multiple emails

22

on the same day from mobile devices. It is not credible for Plaintiff's counsel to suggest that he could not have responded to Defendant's request for an extension of time until three days after the request was made. Moreover, the very basis for Plaintiff's decision not to agree to an extension of time belies her argument that she could not have responded earlier. Specifically, when he finally responded, Plaintiff's counsel stated that his position *remained unchanged*; counsel reiterated Plaintiff's previously stated position that the deposition was properly noticed and would go forward notwithstanding Defendant's repeated objections.

As it stands, to issue sanctions against Defendant under these circumstances would be to reward gamesmanship on the part of Plaintiff. It is difficult to imagine how Defendant could have more clearly communicated its opposition to the deposition going forward. Moreover, in light of the sheer volume of briefing that was ongoing around the time for which the deposition was noticed, the Court finds that Defendant's request for a period of a mere two days beyond the date of the deposition to file its motion for protective order was reasonable. For Plaintiff's counsel to wait three days to respond to that reasonable request – only to reiterate Plaintiff's position regarding the deposition – and to later seek sanctions against Defendant in relation to the timing of the motion for protective order, was unreasonable in the context of this case. The Court must note that this entire analysis would be simpler if Defendant had filed a motion for protective order in advance of the deposition date. However, under the circumstances recounted herein, the delay in filing the motion was substantially justified. Finally, Plaintiff did not experience any prejudice as a result of the delay. Plaintiff was well aware that Defendant would not appear for the deposition and that it would seek a protective order from the Court on the same basis that it objected to Plaintiff's written discovery.

In short, the Court finds that an award of sanctions pursuant to Rule 37 is not appropriate in this case.  Defendant's failure to comply with the terms of the deposition notice was substantially justified, as was its failure to timely file a motion for protective order.  The parties shall move forward with the 30(b)(6) deposition in accordance with the terms of the instant memorandum opinion and order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for protective order (DN 26) is **GRANTED IN PART and DENIED IN PART** for the reasons set forth above.

Specifically, IT IS HEREBY ORDERED as follows:

(1)      The motion for protective order is **GRANTED** as to the following **areas of inquiry**: 5 and 13, and as to the following **categories of material documents**: 4, 8, and 9.

(2) The motion for protective order is **DENIED** as to the following **areas of inquiry**: 1, 6, 7, 8, 9, 10, 11, and 12, and as to the following **categories of material documents**: 1, 2, 3, 7, 10, and 11.

(3) The motion for protective order is **GRANTED IN PART and DENIED IN PART** as to the following **areas of inquiry**: 2, 3, and 4, and as to the following **categories of material documents**: 5 and 6.

IT IS FURTHER ORDERED that Plaintiff's motion for sanctions (DN 28) is **DENIED**.

Finally, IT IS ORDERED THAT **no later than August 9, 2016**, the parties shall do as follows:

(1)     Counsel for the parties shall confer in good faith regarding potential dates for the 30(b)(6) deposition AND Plaintiff shall serve a renewed deposition notice that is consistent with the instant memorandum opinion and order.

(2)     The parties shall jointly file a proposed amended scheduling order AND shall request a telephonic status conference with the Court.

(3)     The Court's previous order (DN 51) regarding the steps that counsel shall take prior to filing any discovery-related motion REMAINS IN EFFECT.


Cc:     Counsel of record

25